Smith Real Estate Company 
vs. No. 81766. 
Franklin Clothes Shop, App't.

November 2, 1929.

HAHN, J. Heard on plaintiff's motion for a new trial.

This is an action of trespass and ejectment for possession of a store at No. 94 Washington street in the City of Providence.

It appeared at the hearing that up to June 30, 1929, defendant was occupying the above store under a lease requiring the payment of $6500 per year and that at the time of the expiration of the lease, or shortly before that time, he refused to sign a new lease for that amount of rent but offered to take a lease for one year at $5000, which offer was refused by the plaintiff. Thereafterward an agreement was entered into between plaintiff and defendant whereby it was agreed that defendant might remain as a tenant in said store for the month of July at a weekly rental of $70, payable each week in advance and subject to a seven-day notice to vacate. This agreement is evidenced by a letter, dated

July 1, 1929, from plaintiff to defendant (marked Plaintiff's Exhibit 1). In this letter it will be observed that the plaintiff reserved the right "to put up and maintain a To Let sign, advertising the store for rent, in the front window whenever plaintiff wishes so to do," and in said letter it is stated that the tenancy would not continue for longer than the month of July but might be terminated sooner.

At the end of July, defendant claims that plaintiff's agent came to the store and for various reasons he agreed that defendant might remain as tenant in the store at $70 per week until January 1, 1930.

The plaintiff's representative, Mr. Budlong, states in effect that in the discussion held on or about July 31, he agreed to allow defendant to remain as a weekly tenant on the same terms and that he in no manner agreed that defendant might have the store until January 1st.

Mr. Murphy, a witness for the defendant, states that he understood Mr. Budlong by his conversation to grant the defendant the privilege of staying there until the 1st of January, 1930. As to just what the terms of the agreement were, he was not clear.

In view of the fact, that the plaintiff refused to give a lease for $5000 and was so careful in limiting the tenancy of the defendant under the terms contained in the letter of July 1st, including the placing of a To Let sign in the window, it seems to this Court highly improbable that a tenancy to endure for five months would have been entered into by the plaintiff without some writing to express the agreement between the parties. While the defendant presented testimony which might well have had weight with the jury, there is the further fact that it appeared that the plaintiff had let the premises occupied by the defendant to another tenant. Juries very often, through sympathy,

fail to weigh the testimony with that freedom from bias which is necessary in cases of this nature. The fact that plaintiff refused to give a lease for one year from July 31st, 1929, at $5000, coupled with the claim of defendant that plaintiff accepted defendant as a tenant for five months, ending in a very dull part of the business year, at a rate of rental much less than $5000 per year, is a circumstance which renders the defendant's contention somewhat improbable.

On the whole the Court is of the opinion that the verdict is against the weight of the evidence, considering not alone what the witnesses have said but all of the probabilities of the case and the appearance and conduct of the witnesses in testifying.

For this reason the plaintiff's motion for a new trial is granted.

For plaintiff: A. S. and A. P. Johnson.

For defendant: Arthur Feiner.